# UNITED STATES DISTRICT COURT

## Western District of North Carolina

## Charlotte

FILED
CHARLOTTE, NC

JUN 14 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

ANDRIVIA F. WELLS

CASE NO.: 3:23-cv-356-MOC

v.

MECKLENBURG COUNTY CLERKS OF PROBATE

ESTATES

MEMPHIS L SMITH, JR

AUDRIS VERONICA (FORD) ASMOND

Petition

28 §2241 HABEAS CORPUS Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3) SEEKING DAMAGES

STATE OF NORTH CAROLINA

COUNTY MECKLENBURG

In RE: ESTATE OF                                    Court File No.  21E 000875


MEMPHIS L. SMITH

Deceased

---

## MEMORANDUM OF LAW IN


28A-23-5. Reopening administration.

G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property NC General Statutes - Chapter 28A Article 19 (a) All claims against a decedent's estate which arose before the death of the decedent, except contingent claims based on any warranty made in connection with EMBEZZLEMENT AGAINST ESTATE—18 U.S.C. § 153 CAVEAT: Unlike subsection 18 U.S.C. § 152(8)

Title 18 U.S.C. § 3284 contains a special statute of limitations which applies to concealment of assets cases. § 28A-17-5. Property subject to sale; conveyance by deceased in fraud of creditors

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

## *MOTION SEEKING TO RECOVER MARITAL ESTATE PROPERTY*

Petitioner, ANDRIVIA F WELLS at the DISMAS CHARITIES INC. ADULT REENTRY. Prisoner's pro se complaint seeking to recover damages for claimed mental injuries and deprivation of rights the estate claim I submitted never was filed, Equitable Distribution should not have "never" been dismissed without affording her the opportunity to present evidence on her claims Prisoner's *pro se* complaint seeking to recover damages for claimed mental ,monetary, injuries and deprivation of rights during her confinement should not have been dismissed without affording her the opportunity to present evidence on her claims 427 F.2d 71 commenced this action against the MECKLENBURG COUNTY ESTATE CLERKS and other state officers OF the clerk of courts and of their officials capacities under the **Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3),** seeking to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment not challenged here. Prisoner's pro se complaint seeking to recover damages

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

for claimed impeding on **Marital Rights and Estate claim** violation Due Process

Rights her 5th Amendment Rights she forward a Motion during her incarceration the

clerk of court never filed acknowledged or informed the Defendant Andrivia Wels

that was not asserting during one year timed barred that does not commence until the

rehabilitation Act is not an impairment and deprivation of rights in imposing

disciplinary confinement should not have been dismissed without affording her the

opportunity to present evidence on her claims. Bevans v. Six Unknown Named

Agents, 403 U.S. 388 (1971), was a case in which the US Supreme Court ruled that an

implied cause of action existed for an individual whose Fourth Amendment protection

against unreasonable search and seizures had been violated by the Federal Bureau of

Narcotics. [1] The victim of such a deprivation could sue for the violation of the

Fourth Amendment itself despite the lack of any federal statute authorizing such a

suit. The existence of a remedy for the violation was implied by the importance of the

right violated. The Supreme Court, in an opinion by Justice Brennan, laid down a rule

that it will infer a private right of action for monetary damages where no other federal

2

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

remedy is provided for the vindication of a constitutional right, based on the principle that "for every wrong, there is a remedy". The court reasoned based upon a presumption that where there is a violation of a right, the plaintiff can recover whatever he could recover under any civil action, unless Congress has expressly curtailed that right of recovery, or there exist some "special factors counseling hesitation". Chapter 168A. There is nowhere in the provision of this statute that states, the only individual that can reopen an Estate Claim is the same individual that open the probate. The individual who open the probate is not a legal heir of the state of North Carolina. **1-72.1.** Procedure to assert right of access. North Carolina General Stat,.**1-72.1.**

**(a) Any person asserting a right of access to a civil judicial proceeding or to a judicial ... The motion shall not constitute a request to intervene**.

## Persons with Disabilities Protection Act.

The case was understood to create a cause of action against the federal government similar to the one in 42 U.S.C. § 1983 against the states 427 F.2d 71

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

***"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 355 U. S. 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).*** II, Andrivia Wells can prove not only have my rights, been violated the Rehabilitation Act that's cause a default within my life, because of the illegal purpose in scope that this clerks are playing God over my life and within their office they conducting a forum of court. They are not an adjudicator and they are not license to practice law within the state of North Carolina. Provide me with my day in court. I will sue you for mental anguish and injury for prolonging this [text] of violation within the law of the United States the statutes are written to be used and manifested within courts. G.S. N.C.§ 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property of the estate shall be discovered, or if it shall appear that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the clerk of superior court, upon the petition of any person interested in the estate and without notice

or upon such notice as the clerk of superior court may direct, may order that said estate be reopened. The clerk of superior court may reappoint the personal representative or appoint

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*** *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

another personal representative to administer such property or perform such acts as may be

deemed necessary. Unless the clerk of superior court shall otherwise order, the provisions of

this Chapter as to an original administration shall apply to the proceedings had in the reopened

administration; but no claim which is already barred can be asserted in the reopened

administration. (1973, c. 1329, s. 3; 2011-344, s. 4.)

Comes now Defendant, (Wife) Andrivia Wells Smith on October 8,2021, the Respondent,

through the above titled action, represented pro 'se, and in forma pauperis to move this Court for

an A default judgment (also known as judgment by default) is a ruling granted by a judge or

court in favor of a plaintiff in the event that the defendant in a legal case fails to respond to a

court summons or does not appear in court. The default decision may be vacated if the defendant

can establish valid reasons for not appearing in court or ignoring a summons. There was never a

summons presented nor did the Judge complete a Memorandum of **In rem and quasi in rem**

both refer to jurisdiction that is established because a thing - that is to say, some property

belonging to the defendant - is located within the boundaries of the forum state. Chapter 50 is

Material Property Personam means, no surprise, person, and in personam jurisdiction means

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*** *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

jurisdiction established over a person, there is a difference between **in personam and in rem**

**property**. In personam means that a judgment can be enforceable against the person wherever he/she is. On the other hand, if the lawsuit is to determine title to property (in rem) then the action must be filed where the property exists and is only enforceable there. The district of the Equitable Distribution did not proceed on the Law of Marital Rights. *A divorce under this section shall not be barred to either party by any defense or plea based upon any provision of G.S. 50-7, a plea of res judicata, or a plea of recrimination. Notwithstanding the provisions of G.S. 50-11, or of the common law, a divorce under this section shall not affect the rights of a dependent spouse with respect to alimony which have been asserted in the action or any other pending action.* The courts upon review of the memorandum and the recommendation issued by

Defendant, **("Ms. Wells-Smith")** the wife arises out of a claim for Equitable Distribution of Marital Property of the Plaintiff, (**"Memphis L Smith"**) the husband and Andrivia Wells - Smith Claims to not to be nunc pro tunc by no other answered claims that violates the Constitutional Rights of the Equitable Distribution Act, **N.C.G.S. § 1A-1 Rule 19, N.C.G.S. §1A-1 Rule25.**

Memphis L Smith Sr. (husband) and Andrivia Wells-Smith (wife) were married June 22,2012, and lived separated date of June 25, 2019. The Marriage No conditions were bound in the

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

6

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.***
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

marriage. The Defendant filed a Pro 'se Equitable Distribution Motion September 9,2020.

Because it was her constitutional right 50-20 set.eg. Pro 'se proceeding was not a reflection

towards an Absolute Divorce Action to contest Divorce with a valid action of new prima facie,

Rule 45(D)(e) § (D) *Command to Produce; Included Obligations.* A command in a subpoena to produce

documents, electronically stored information, or tangible things requires the responding person to permit

inspection, copying, testing, or sampling of the materials. (A) Requirements set out the [text] of Rule

45(d) and (e). In actions begun by seizure of property, service will at times have to be made

before the absent owner of the property has filed an appearance. For example, a prompt

deposition may be needed in a maritime action in rem. See Rules 30(a) and 30(b)(2) and the

related notes. A provision is added authorizing service on the person having custody or

possession of the property at the time of its seizure.

See also subdivision (c) of Rule 5. So, for example, a third-party defendant is required to serve

his answer to the third-party complaint not only upon the defendant but also upon the plaintiff.

See amended Form 22–A and the Advisory Committee's Note thereto.

As to the method of serving papers upon a party whose address is unknown, see Rule 5(b).

28 U.S. Code § 1915 - Proceedings in forma pauperis (1) In General. A summons must be served

with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

7

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person

who makes service: Timing. A party may not seek discovery from any source before the parties

have conferred as required by Rule 26(f), except in a proceeding exempted from initial

disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court

order.

*__(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule__*

*__11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or__*

*__party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law__*

*__firm must be held jointly responsible for a violation committed by its partner, associate, or employee__*.

**8**

**Defendant, ("Andrivia Wells-Smith") filed a notice of appeal on October 6,2022, stating**

**that "[d]defendant, through pro 'se, . gives Notice of Appeal."    The Court of Appeals**

**treated this appeal as a petition for a writ of certiorari and allowed it so that it could review**

**the order of the trial court.    The clerk never provided the Court of Appeal my Motion.**

**The Stated," I need to file the correct rule within courts. Before he would file entry". I,**

**Andrivia Wells- Smith was detained and held to inhumane standards of confinement and**

**the Federal Library was not provided to inmates every day. I informed him that. However,**

**utilization of a writ of certiorari is not appropriate under these facts.    See Bailey v. State,**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**
**353 N.C. 142, 157, 540 S.E.2d 313, 322 (2000). Rule 37(b)(2)(A)(i)—(vi) the judge did not**

**produce me. Therefore, my rights were violated within the ESTATE pleading and Chapter**

**50 0f the assert Equitable Distribution Act.**

**As a result, this Court faces a procedural dilemma in that the appeal to the Court of**

**Appeals was made on behalf of a deceased party, and the appearance in this Court in**

**response to defendant's appeal was likewise made on behalf of a deceased party.**

**Therefore, in order to address the merits of the issues brought forward, we deem it**

**necessary to use the provisions of Rule 2 of the North Carolina Rules of Appellate**

**However, a pending action does not necessarily have to remain pending in excess of 3 years**

**before being subject to dismissal by the court for lack of an appropriate substitution. Upon**

**motion of an "aggrieved party,"17 Rule 25(c) allows the court to enter a**

**conditional order of abatement providing that an action will abate if not continued by an**

**appropriate party at a time set by the court, not less than six months or more than one year**

**from the granting of the order. The order can be entered only after notice "to such person**

**as [the court] directs."18 According to the court of appeals, Rule 25(c) provides a method**

**by which a party may place a time limitation on the right to substitution.19**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*.
§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**After the court issues appropriate notice, the burden falls upon persons interested in the estate of the decedent to take the steps necessary to open an estate**

**and to arrange for substitution of the appropriate party. 20 Because an order entered pursuant to Rule 25(c) is conditional, a further order of the court is necessary to dismiss the action on the ground of abatement if appropriate action is not taken within the time set out in the original order.21**

## Claims filed after death

10

**G.S. 50-20(l)(1), as amended by S.L 2003-168, provides that a claim for equitable distribution will survive the death of a spouse regardless of whether the 5 G.S. 28A-19-16. This limitation does not apply if the parties agree to a reference pursuant to G.S. 28A-19-15, discussed infra. 26 154 N.C. App. 734, 572 S.E.2d 809(2002) (one spouse died before trial and the other died while the case was on appeal). 27 While death should not impact directly the classification of marital property due to the fact that the parties must be separated at the time of death, see Becker v. Becker, 88 N.C. App. 606, 364 S.E.2d 175 (1988) (marital**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*. § 50-20. Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**estate "freezes" for purposes of classification and valuation at the date of separation), death**

**may impact the classification of divisible property. See G.S. 50-20(b)(4) (divisible property**

**defined by post separation occurrences). In addition, procedural issues resulting from**

**death may have an impact on a party's ability to prove their case regarding classification.**

**See e.g. G.S. 8C-601(c) (evidence rule referred to as "the dead man's statute"). 28 82 N.C.**

**App. 423, 346 S.E.2d 237 (1986). 29 See also Tucker v. Miller, 113 N.C. App. 785, 440**

**S.E.2d 315 (1994) (upholding trial court's distribution of marital property following the**

**death of wife; court of appeals claim was filed before the death, as long as the parties are**

**living separate and apart at the time of death. However, claims for equitable distribution**

**by the estate of a deceased spouse must be filed within one year of the death "or be forever**

**barred, "according to G.S. 50-20(l)(3). Although the statute contains no similar express**

**limitation on the time within which a claim for equitable distribution must be filed by a**

**surviving spouse against the estate of the deceased.  Procedure to vary the requirements of**

**Rule 38 of the North Carolina Rules of Appellate Procedure. Rule 2 allows the Court "[t]o**

**prevent manifest injustice to a party . [by varying] the requirements or provisions of any of**

**[the North Carolina Rules of Appellate Procedure] in a case pending before it . upon its**

11

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*. § 50-20. Distribution by court of marital and divisible property. (l) (1)  A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

own initiative."  N.C. R.App. P. 2. Rule 38 provides: "If a party entitled to appeal dies

before filing a notice of appeal, appeal may be taken by his personal representative or if he

has no personal representative, by his attorney of record." N.C. R.App. P. 38.   We

acknowledge that Rule 38 does not address the unusual circumstances of this case. Here,

plaintiff died before she was entitled to an appeal.   We believe, however, that the specific

facts of this case and Rule 2 allow us to vary Rule 38 so that plaintiff may take the appeal

by plaintiff's attorney of record.   Therefore, we deem the appeal properly before us and

proceed to address the merits. *See, the Supreme Court of North Carolina, decision in*

*reference to Brown v Brown*. Gladys BROWN v. Carroll M. BROWN. No.  77A00. Decided:

December 21, 2000. The Courts had to assert the rights within the Marital Rights N.C.G.S. §

Chapter 50. This reasoning does not contradict Tucker v. Miller, 113 N.C.App. 785, 440 S.E.2d

315 (1994), in which the Court of Appeals held that an equitable distribution action survived a

party's death when the trial court had already entered a decree of absolute divorce.   Id. at 788,

440 S.E.2d at 317.   In this case, however, the trial court had not entered a divorce decree. **Even**

**assuming that either factor (1) or (12) would allow the trial court to consider the needs of**

**the parties and that evidence of See, the case of the following: Nancy Tucker's death, on its**

**own, is sufficient to show that her estate had no needs, we are unable to find fault in the**

12

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**trial court's order. Defendant presented no evidence (Wife) "Andrivia Wells Smith, of his (her)needs that might justify an unequal distribution. Indeed, the court's determination that Defendant's ("Andrivia Wels-Smith) net worth exceeds a million dollars indicates that this case does not involve a surviving party whose future welfare is jeopardized by an equal distribution of marital assets. We overrule this assignment of error. The death of spouse and her investment with the marriage was** "caveat emptor" I was aware of his action that's I asked my husband (Memphis Smith if I need to protect my asset because he only was around during deaths "**by Heir that is fraud. The purpose of the caveat is to prevent the court from initiating the administration of an estate without first notifying the caveat-filing party. States limit the scope and function of the caveat according to their probate codes. NC Statute probate code requires probate courts to notify the caveat-filing party of pending probate proceedings and to permit the party to litigate his or her challenge to the will before the court may admit the will to probate.** § 31-36. Effect of caveat on estate administration. (a) Order of Clerk. – Where a caveat is filed, **the clerk of the superior court shall forthwith issue an order that shall apply during the pendency of caveat to any personal representative, having the estate in charge, as follows: (4) Preservation of estate assets. – That the personal representative shall preserve…… the property of the estate and that the personal**

13

5. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 919 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**representative is authorized to** pursue and prosecute claims that the estate may have against

others; The error of the Memphis Smith (husband) and the (wife) Andrivia Wells-Smith I was a

future welfare or jeopardized. Because I invested my money within my marriage and husband

and died with my money and his heir disbursed my Property and money throughout his own

needs. I want my property and tangible and intangible good return. Nor can judge miscarriage

justice during provision of divorce to set aside a N.CGS Chapter 50 until all legal effects are

resolved at that time Equitable Distribution Matters. Bounds v Smith ,430U.S.

817,822,52L.Ed.2d 72,97 S. Ct 1491 (1977). A prisoner's rights of access to the courts included

contact. Casey v Lewis, 4F.3d 1516,1520(9th Circuit) grant summary judgment light of claim.

Prisoners' rights have four legal foundations: The U.S. Constitution, federal statutes, states

constitutions, and state statutes. It is important to remember that constitutional rights are not

absolute. **Article 6. Caveat to Will § 31-36.** Effect of caveat on estate administration. **(c)**

**Preservation of Estate Assets**. – Questions regarding the use, location, and disposition of assets

that cannot be resolved by the parties and consented to by the clerk shall be decided by the clerk.

When a question has not been resolved by agreement, either party may request a hearing before

the clerk upon 10 days' notice and shall serve the notice upon all parties to the caveat,

**14**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.

*§ 50-20. Distribution by court of marital and divisible property. (l) (1)  A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

NC General Statutes - Chapter 31 Article 6 3 pursuant to G.S. 1A-1, Rule 4 of the Rules of Civil Procedure. Decisions of the clerk may be appealed to the superior court pursuant to G.S. 1-301.3.

(C.C.P., s. 448; Code, s. 2160; Rev., s. 3137; C.S., s. 4161; 1927, c. 119; 2009-131, s. 1; 2011-344, s. 8.) I was not notified by Heir (Memphis l Smith, Jr) knowing I was a surviving spouse, creditor and a person of interest to sue within the Action of the of Memphis Smith, Jr (husbands) Estate that is considered as joint –tenancy

### *28 U.S. Code § 1343 - Civil rights and elective franchise:*

 (a)The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any *conspiracy mentioned in section 1985 of Title 42*;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

15

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.***
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

The Motion for Equitable Distribution Motion Amendment Rule states, **N.C.G.S.§ 50-20 (k)** The rights of the parties to an equitable distribution of marital property and divisible property are a species of common ownership, the rights of the respective parties vesting at the time of the parties' separation, **.N.C.G.S. § 50-20 (l) (1)** A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. **1 See Caldwell v. Caldwell, 93 N.C. App. 740, 379 S.E.2d 271 (1989) (death itself dissolves the marital status and accomplishes the chief purpose for which the action is brought), citing Elmore v. Elmore, 67 N.C. App. 661, 313 S.E.2d 904 (1984) (same).**

**2 Caldwell, 93 N.C. App. at 743, 379 S.E.2d at 273 (equitable distribution must follow a decree of absolute divorce). See also Trogdon v. Trogdon, 97 N.C. App. 330, 388 S.E.2d 212 (1990) (equitable distribution "cannot be obtained" when parties were not divorced at the**

16

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*.
§ 50-20.  Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**time of death). court held that once a judgment of absolute divorce is entered "a claimant**

**cannot be divested of the right to equitable distribution, and, therefore his claim survives**

**his death."3 The North Carolina General Assembly amended**

**G.S. 50-21(a) in S.L. 1995-245 to delete the provision prohibiting the entry of an equitable**

**distribution before the entry of a divorce judgment. The court of appeals**

**held that this amendment allows "a claim for equitable distribution to proceed on its own at**

**any time after a married couple separates" and supports the conclusion**

**that "a divorce decree is not necessary for a judgment in an equitable distribution action."4**

**Therefore, "[a] claimant now cannot be divested of the right to equitable distribution after**

**the parties have separated, regardless of whether or not they divorce."5 The court**

**of appeals concluded that, due to the statutory change, equitable distribution actions do not**

**abate upon and survive the death of a party as long as the parties are separated at the time**

**of death, regardless of whether there has been an absolute divorce. The North Carolina**

**Supreme Court disagreed and reversed the court of appeals.6 According to the**

**supreme court, the 1995 statutory amendment "remove[d] all limitations on the timing of an**

**equitable distribution judgement, vis-à-vis the granting of a**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

17

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*.
§ 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**divorce [, but did not] remove the link between a divorce proceeding and a request to the court to distribute property acquired during the marriage."7 Because equitable distribution remains "inextricably linked" to divorce, the court held that when death "ends any chance for divorce," an action for equitable distribution abates. The General Assembly responded to the Brown decision in 2001 by adding new section G.S. 50-20(l) to provide that "[a] pending action for equitable distribution shall not abate upon the death of a party.** And, in S.L. 2003-168, the General Assembly expanded G.S. 50-20(1) to provide that "[a] claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death."10 With the enactment of S.L. 2003-168, the law now provides that equitable distribution claims will survive the death of a spouse, regardless of whether the parties were divorced at the time of death, as long as the parties were living separate and apart at the time of death. Time limits applicable to the prosecution of claims after death**.** The new law allows a claim for equitable distribution that is pending at the time of death to proceed upon substitution of the appropriate parties. In addition, the law allows an equitable distribution claim

to be filed after the death of a spouse, either by the surviving spouse or by the estate of the deceased spouse. Whether pending at the time of death or filed after death, claims are subject to dismissal for failure of a party to act within required time frames.

18

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)   The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

## Death of a party in a pending case

As the only requirement under new G.S. 50-20(l) for a pending claim to survive the death of a party is that the parties be living separate and apart at the time of death, all pending claims for equitable distribution will survive the death of a party. That is because G.S. 50-21(a) prohibits the filing of a claim for equitable distribution until "after a husband and wife begin to live separate and apart from each other." Therefore, there should be no pending claim if the parties are living together at the time of death. Upon the death of a party in a pending case, the personal representative or the collector of decedent's estate must be substituted for the deceased party in **Joinder Rule 19(b) & (a) (1) and Rule 25(a)** was ignored and her property was distributed throughout her husband's ***illegitimate*** interest. Violating the Equitable Distribution Laws that's put in place for Marital Property to be dispersed within the ***Marital Estate that vest the NCGS§ 50-20-(k) & (l).*** Federal Rule 37(b)(2), (E)(c)(2) states a person who fails to appear as required in court can be found in default. Unless proof of damages is necessary, the default decision will take damages into account if they were included in the complaint. Default judgment criteria and rulings could be different in different jurisdictions. Distinct from the question as to whether the limitations period generally runs from discovery is the fraud-based discovery rule that applies even if the limitations period generally runs from the violation and not discovery of the violation. Justice

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse*. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

Ginsburg's separate opinion in Rotkiske v. Klemm,140 S. Ct. 355 (2019) discusses the fraud-based discovery rule at some length. She finds "the rule governs if either the conduct giving rise to the claim is fraudulent, or if fraud infects the manner in which the claim is presented." Id. at 365.

NCGS§§ 28A-2-4. Subject matter jurisdiction of the clerk of superior court in estate proceedings. Actions by or against creditors or debtors of an estate, except as provided in Article

(3) Determination of the elective share for a surviving spouse as provided in N.C.G.S. 30-3.1.

(4) Proceedings to ascertain heirs or devisees, to approve settlement agreements pursuant to G.S. 28A-2-10, to determine questions of construction of wills, to determine priority among creditors, to determine whether a person is in possession of property belonging to an estate, to order the recovery of property of the estate in possession of third parties, and to determine the existence or nonexistence of any immunity, power, privilege, duty, or right. Any party or the clerk of superior court may file a notice of transfer of a proceeding pursuant to this subdivision to the Superior Court Division of the General Court of Justice as provided in G.S. 28A-2-6(h). In the absence of a transfer to superior court, Article 26 of Chapter 1 of the General Statutes shall apply to an estate proceeding pending before the clerk of superior court to the extent consistent with this ***Article 19 of this Chapter.***

20

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*(2)     Actions involving claims for monetary damages, including claims for breach of fiduciary*

*duty, fraud, and negligence.*

1 See G.S. 28A-18-1; Brown v. Brown, 353 N.C. 220, 539 S.E.2d 621 (2000); Tucker v. Miller,

113 N.C. App. 785, 440 S.E.2d 315 (1994). Cf. Swindell v. Lewis, 82 N.C. App.

423, 346 S.E.2d 237 (1986) (holding that in addition to the personal representative of the deceased

party, all heirs of the decreased are necessary parties to an equitable distribution

proceeding involving title to real property). 12 G.S. 1A-1, Rule 25(a). 13 It is unclear whether a

judge can order substitution on his or her own motion. The language of the rule is arguably

ambiguous on this point. 14 See G. Gray Wilson, North Carolina Civil Procedure,

2d edition (1995), sec. 25-3, p. 442, citing Anderson v. Yungkau, 329 U.S. 482, 67 S. Ct. 428, 91

L. Ed. 436 (1947). § 28A-19-1. Manner of presentation of claims.

(a) A claim against a decedent's estate must be in writing and state the amount or item

claimed, or other relief sought, the basis for the claim, and the name and address of the claimant;

and must be presented by one of the following methods:

**§ 28A-19-3. Limitations on presentation of claims § 28A-19-19. Claims for equitable distribution.**

(a) The provisions **of G.S. 28A-19-5 and G.S. 28A-19-7** shall not apply to claims for

equitable distribution.

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution action against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

(b) The personal representative may enter into an agreement, in writing, with a claimant

providing for distribution of marital or divisible property, or both, in a manner deemed by the

personal representative and the claimant to be equitable. The agreement shall be filed in the clerk's

office where the letters were granted and shall be a lawful voucher for the personal representative.

The same may be impeached in any proceeding against the personal representative for fraud

Therein*. Not be substituted within Equitable Distribution Join the claim of Marital Assets.*

(c) Unless the claim for equitable distribution has been referred as provided in **G.S.28A-19-15**, the

claimant may at any time, subject to the provisions of **G.S. 28A-19-16**, file an action

with the district court for distribution of marital or divisible property in accordance with the

provisions of **G.S. 50-20**. (2003-168, s. 3.) The Defendant, filed an Appellate brief and Motion to

District Appealing District Court Action, on October 11,2022. As mentioned above, S.L. 2001-

354 added new section **50-20(c)(11b)** to provide that if the death of a party occurs before entry of

an order for **equitable distribution, the court shall consider the following as distribution

factors: September 8,2020 Defendant asserted and entry prior to the Death of Husband. (l)

(1) 50-20 survives the death.**

•Property passing to the surviving spouse by will

or through intestacy due to the death of a

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

spouse.

• Property held as tenants by the entirety or as joint

tenants with rights of survivorship passing to

the surviving spouse due to the death of a

spouse.

• Property passing to the surviving spouse from

life insurance, individual retirement accounts,

pension or profit-sharing plans, any private or

governmental retirement plan or annuity of

which the decedent controlled the designation

of beneficiary (excluding any benefits under

the federal social security system), or any

other retirement accounts or contracts, due to

the death of a spouse.

• The surviving spouse's right to claim an "elective

share" pursuant to G.S. 30-3.1 through G.S.

30-33, unless otherwise waived.

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

23

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*** *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

A court's obligation to consider these factors only

arises if sufficient evidence is offered by a party to

support appropriate findings.40

the first publication or posting of the notice to creditors does not occur within three years of death

17 Unlike Rule 25(a), discussed supra note 13, the language of Rule 25(c) does seem to prohibit a

court from entering such an order on its own notion. 18 G.S. 1A-1, Rule 25(c); see Silverthorne v.

Coastal Land Co., 42 N.C. App. 134, 256 S.E.2d 397 (1979) (this section requires notice to those

"who would reasonably be expected to represent most closely the interest of the deceased."). 19

**24**  Id. 20 Id. (person seeking order of conditional abatement does not need to show that the failure to

prosecute by the estate has been without excuse). 21 Wilson, supra, sec. 25-5, p. 446, citing

Silverthorne v. Coastal Land Co., supra. 15 Wilson, supra note 13, at sec. 25-3, p. 442. See also

Liner v. DiCresce, 905 F. Supp. 280 (M.D.N.C. 1994). 16 This is because G.S. 28A-19-3(f) states

that "all claims bearable by G.S. 28A-19-3(a) or (b)" will be barred if "Justice Ginsburg

distinguishes the fraud-based discovery rule from equitable tolling". Equitable tolling pauses or

"tolls" a statutory limitations period after it has commenced. A litigant qualifies for equitable

tolling only if they establish "(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way and prevented timely filing." Id. at 363, citing

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255 (2016). 4) Standards of

Review. **The Chapter 28 A-6-4. Right to contest appointment; procedure**.

**G.S. 28A-4-1 to act as last sole or last surviving personal representive. The Action vest the**

**Equitable Distribution Matter abate the procedure. A.** *Three-Step Process*

*1. Distribution of property is the third step in a three-step process.*

*2. A trial court must first classify property and debt as either marital, separate, or divisible,*

*then must find the net value of marital property as of the date of separation (DOS) and*

*divisible property as of the date of distribution, and finally must distribute all marital and*

*divisible property and debt based upon the equitable goals of G.S. 50-20 and the various*

*factors specified therein. [Zurosky v. Shaffer, 236 N.C. App. 219, 763 S.E.2d 755 (2014)*

*(citing Mugno v. Mugno, 205 N.C. App. 273, 695 S.E.2d 495 (2010)); Lawrence v. Lawrence,*

*75 N.C. App. 592, 331 S.E.2d 186, review denied, 314 N.C. 541, 335 S.E.2d 18 (1985);*

*G.S. 50-20.] Judge B. McThenia did not do no proceeding nor did see complete a Memorandum*

*of in personum.*

**Rule 41(b) Dismissal for Failure to Prosecute**

1) The Rule

a) A trial court is authorized by Rule 41(b) of the Rules of Civil Procedure to dismiss an

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

25

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.
*§ 50-20. Distribution by court of marital and divisible property. (l) (1)  A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

action or claim (original, cross-claim, counterclaim, or third party claim) due to the failure

of the claimant to prosecute its case.

b) Rule 41(b):

"For failure of the plaintiff to prosecute or to comply with these rules or any order of

court, a defendant may move for dismissal of an action or of any claim therein against

him. …Unless the court in its order for dismissal otherwise specifies, a dismissal under

this section…operates as an adjudication upon the merits." (emphasis added)

My husband Plaintiff, **(Memphis L. Smith)** died Jan.3,2021, I had begun to assert the Equitable

Distribution on September 8,2020 prior to his death, his Attorney was scheming with unduly delays with

the schedule my Equitable Distribution prior to his death. Superior Court judge suppressed an Action of

Divorce prior to my husband and completed the inventory of our properties and the evaluation Method.

My husband coma prior to dyeing domicile he received a hip replacement. The lawyer contacted me in

reference withdrawing from case, the issue prior to settling Equitable Distribution after death which is

NCGS Chapter 50, 50-20 (l) (1) the surviving spouse an illegitimate heir opens a probate Estate and

joined my Equitable Distribution Claim. GS 1-17 Disabilities Action Claims (3) (a1) the statute of

limitation commence shall commence to run and no longer **be § 1-17. Disabilities**.

(a) A person entitled to commence an action who is under a disability at the time the

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

26

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse*. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

cause of action accrued may bring his or her action within the time limited in this Subchapter,

after the disability is removed, except in an action for the recovery of real property, or to make

an entry or defense founded on the title to real property, or to rents and services out of the real

property, when the person must commence his or her action, or make the entry, within three years

next after the removal of the disability, and at no time thereafter.

For the purpose of this section, a person is under a disability if the person meets one or more

of the following conditions:

(1) The person is within the age of 18 years.

(2) The person is insane.

(3) The person is incompetent as defined in G.S. 35A-1101(7) or (8).

(a1) For those persons under a disability on January 1, 1976, as a result of being

imprisoned on a criminal charge, or in execution under sentence for a criminal offense, the statute

of limitations shall commence to run and no longer be tolled from January 1, 1976.

27

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property**. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

1. The heir sold marital property have blocked the Trans America Insurance Company from paying me my Beneficiary policy and I was informing you are good. I detained in Mecklenburg County Detention I had via/zoom and Judge never completed an in persi num and the Federal judge informed the US Marshall that I could go to hearing. Her conclusion was 41(b). I was never informed I just pulled the papers from probate 6/5/2023. I need your help it's an injury claim I have three years to sue the Estate per GS 1-52 three years and case I researched State of North Carolina Department of Health & Human Services v Tompkins, 205 N.C.App. 285(2010) Judge McThenia violated my rights as spouse of Marital properties and I wrote her up to Judicial Bar Association. I have receipts and I have Captain that apart of Sherriff Department as a witness and individuals who watch them trespass on my property and steal my tangible assets an intangible. I was considered a creditor they never sent me a Notice 28A-14-3 personal Notice to creditor. GS 1-21 Defendant out of State; when action begun or judgment enforced, or judgment enforced within the times herein limited after the return of the person into this state, action maybe commenced. GS 1-15 Statute runs from accrual of action (a)(c). Chapter 28A Administration of Decedents 'Estate Article 1 (1a). They never ask her if his parents were married or documents showing that he was legal heir. He had letters when he moved my personal furniture 28A-15-2 when he toke possession of my assets that I purchase I have receipts from them. violated my 5th Amendment.

28

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

There no statute of limitation on Fiduciary by an Estate Beneficiary If no release and refunding bond is filed and they are hold my Insurance disbursement money.28A19-3 limitations (e) G.S. 28A-19-1 and 28A-18-1 surviving under (a) a recovery maybe had upon any judgment etc....§ 28A-2-6. Commencement of estate proceedings, pleadings, consolidation, and joinder.

(a) Contested Estate Proceedings. – Contested estate proceedings brought against adverse parties shall be commenced by petition in the existing estate administration file. All party's not joined as petitioners shall be joined as respondents. The clerk of superior court shall issue the estate proceeding summons to the respondents. The clerk of superior court may order that additional persons be joined as respondents and shall issue the estate proceeding summons to the additional persons. The estate proceeding summons shall notify a respondent to appear and answer the petition within 20 days after its service upon the respondents. The estate proceeding summons shall comply with the requirements set forth in G.S. 1-394 for a special proceeding summons except that the summons shall be titled "ESTATE PROCEEDING SUMMONS" and shall be served upon a respondent in accordance with G.S. 1A-1, Rule 4. After the time for

29

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

responding to the petition or complaint has expired, any party or the clerk of superior court may

give notice to all parties of a hearing. She Denied Equitable Distribution 50-20 for surviving spouse claim

I asserted the one year 50-20 claim and she ignored my motion and the court appeals stated I did not

provide forms of Appeals I informed him, I was Federally incarcerated and they do not provide state

judicial applications. Estate of Nelson ex rel. Brewer v. Nelson, 179 N.C. App. and also

Smith v. Rodgers, 263 N.C. App. 662, Tucker v. Miller, 113 N.C. App. 785

She let them join my action and they did not add me to Estate claim, Rule 25. Substitution of

parties upon death, incompetency or transfer of interest; abatement. (a) Death. – No action abates

by reason of the death of a party if the cause of action survives. In such case, the court, on

motion at any time within the time specified for the presentation of claims in G.S. 28A-19-3,

may order the substitution of said party's personal representative or collector and allow the action

to be continued by or against the substituted party.

(b) Insanity or incompetency. – No action abates by reason of the incompetency or

insanity of a party. If such incompetency or insanity is adjudicated, the court, on motion at any

time within one year after such adjudication, or afterwards on a supplemental complaint, may

30

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

order that said party be represented by his general guardian or trustee or some guardian ad litem,

and, allow the action to be continued. If there is no adjudication, any party may suggest such

incompetency or insanity to the court and it shall enter such order in respect thereto as justice

may require.

(c) Abatement ordered unless action continued. – At any time after the death, insanity

or incompetency of a party, the court in which an action is pending, upon notice to such person

as it directs and upon motion of any party aggrieved, may order that the action be abated,

unless it is continued by the proper parties, within a time to be fixed by the court, not less than

six nor more than 12 months from the granting of the order.

(d) Transfer of interest. – In case of any transfer of interest other than by death, the

action shall be continued in the name of the original party; but, upon motion of any party, the

court may allow the person to whom the transfer is made to be joined with the original party.

(e) Death of receiver of corporation. – No action against a receiver of a corporation

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

abates by reason of his death, but, upon suggestion of the facts on the record, it continues

against his successor or against the corporation in case a new receiver is not appointed and such

successor or the corporation is automatically substituted as a party. Supreme Court of Judicature

consolidated act modified action 1963 on statute of limitation on survival and revival of an

action Law Reform Act Inure: survival of actions in tort and the conflict of law of survival and

revival of an action. Equitable Distribution have no Statute of Limitation. § 50-6. Divorce after

separation of one year on application of either party.

Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on

the application of either party, if and when the husband and wife have lived separate and apart

for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a

period of six months. A divorce under this section shall not be barred to either party by any

defense or plea based upon any provision of G.S. 50-7, a plea of res judicata, or a plea of

recrimination. Notwithstanding the provisions of G.S. 50-11, or of the common law, a divorce

under this section shall not affect the rights of a dependent spouse with respect to alimony which

have been asserted in the action or any other pending action.

32

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

Whether there has been a resumption of marital relations during the period of separation shall

be determined pursuant to G.S. 52-10.2. Isolated incidents of sexual intercourse between the

parties shall not toll the statutory period required for divorce predicated on separation of one

year. § 50-9. Effect of answer of summons by defendant.

In all cases upon an action for a divorce absolute, where judgment of divorce has heretofore

been granted and where the plaintiff has caused to be served upon the defendant in person a legal

summons, whether by verified complaint or unverified complaint, and such defendant answered

such summons, and where the trial of said action was duly and legally had in all other respects

and

judgments rendered by a judge of the superior court upon issues answered by a judge and jury, in

accordance with law, such judgments are hereby declared to have the same force and effect as

any

judgment upon an action for divorce otherwise had legally and regularly. (1929, c. 290, s. 1;

1947,

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse*. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

c. 393.) I asserted a pro se Equitable Distribution Notice on September 8,2020 prior to divorce of

September 29,2020. January 25,2021 was our hearing I conversed with Judge informed her of

my husband's death, died on January 3,2021. spouse to alimony as provided by the laws of this

State.

chater50 NCGS 50-20(e) An absolute divorce obtained within this State shall destroy the right of

a spouse to

equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute

divorce; except, the defendant may bring an action or file a motion in the cause for equitable

distribution within six months from the date of the judgment in such a case if service of process

upon the defendant was by publication pursuant to G.S. 1A-1, Rule 4 and the defendant failed to

appear in the action for divorce. (f) An absolute divorce by a court that lacked personal

jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property shall not

destroy the right of a spouse to equitable

distribution under G.S. 50-20 if an action or motion in the cause is filed within six months' after

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

34

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

the judgment of divorce is entered. The validity of such divorce may be attacked in the action for

equitable distribution. (1871-2, c. 193, s. 43; Code, s. 1295; Rev., s. 1569; 1919, c. 204; C.S., s.

1663; 1953, c. 1313; 1955, c. 872, s. 1; 1967, c. 1152, s. 3; 1981, c. 190; c. 815, s. 2; 1987, c.

844,

s. 3; 1991, c. 569, s. 2; 1995, c. 319, s. 8; 1998-217, s. 7(a), (b); 2013-198, s. 24.)

She destroyed my Rights and let an Heir sale my property. I need to sue them and I have written-up the judge. I need your help please. What are the three elements of undue influence? § 50-11. Effects of absolute divorce.

NC General Statutes - *Chapter 50 Article 1 6*

(a) After a judgment of divorce from the bonds of matrimony, all rights arising out of the

marriage shall cease and determine except as hereinafter set out, and either party may marry

again

without restriction arising from the dissolved marriage.

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

35

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* **G.S. 28A-19-3(a) or (b) applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**(b) No judgment of divorce shall cause any child in esse or begotten of the body of the wife during coverture to be treated as a child born out of wedlock. (his *mother and my husband never was married, he's not an heir to marital property) (14th Amendment of Equality does not qualify him as heir to marital property).***

The three variables of undue influence are predisposing factors, vulnerability enhancers, and execution variables. When these factors are present is when the likelihood of potential undue influence will increase Representive of Probate of the Estate, fraudulent activities. § 50-20. Distribution by court of marital and divisible property.

36

(a)　　Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section.

(b)　　For purposes of this section:

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

(1)     "Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection. Marital property includes all vested and nonvested pension, retirement, and other deferred compensation rights, and vested and nonvested military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act. It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property under subdivision (2) of this subsection. It is presumed that all real property creating a tenancy by the entirety acquired after the date of marriage and before the date of separation is marital property. Either presumption may be rebutted by the greater weight of the evidence. § 14-134.3.  Domestic criminal trespass.

(a)     Any person who enters after being forbidden to do so or remains after being ordered to leave by the lawful occupant, upon the premises occupied by a present or former spouse or by a person with whom the person charged has lived as if married, shall be guilty of a misdemeanor if the complainant and the person charged are living apart; provided, however, that no person shall

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

be guilty if said person enters upon the premises pursuant to a judicial order or written separation

agreement which gives the person the right to enter upon said premises for the purpose of

visiting with minor children. Evidence that the parties are living apart shall include but is not

necessarily limited to:

SUBCHAPTER VI. CRIMINAL TRESPASS.

38

Article 22.

Damages and Other Offenses to Land and Fixtures.

(1)     A judicial order of separation;

(2)     A court order directing the person charged to stay away from the premises occupied by

the complainant;

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

(3)      An agreement, whether verbal or written, between the complainant and the person

charged that they shall live separate and apart, and such parties are in fact living separate and

apart; or

(4)      Separate places of residence for the complainant and the person charged.

Except as provided in subsection (b) of this section, upon conviction, said person is guilty of a

Class 1 misdemeanor.

39

(b)      A person convicted of a violation of this section is guilty of a Class G felony if the

person is trespassing upon property operated as a safe house or haven for victims of domestic

violence and the person is armed with a deadly weapon at the time of the offense. (1979, c. 561,

s. 2; 1993, c. 539, s. 76; 1994, Ex. Sess., c. 24, s. 14(c); 1998-212, s. 17.19(a).)

**Rule 56. Summary judgment.**

(a)      For claimant. - A party seeking to recover upon a claim, counterclaim, or cross claim

or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the

commencement of the action or after service of a motion for summary judgment by the adverse

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

(b)     For defending party. - A party against whom a claim, counterclaim, or cross claim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c)     Motion and proceedings thereon. - The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party may serve opposing affidavits at least two days before the hearing. If the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require. For the purpose of this two-day requirement only, service shall mean personal delivery, facsimile transmission, or other means such that the party actually receives the affidavit within the required time.

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

A summary judgment, interlocutory in character, may be rendered on the issue of liability alone

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

40

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution action against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

although there is genuine issue as to the amount of damages. Summary judgment, when appropriate, may be rendered against the moving party.

(d)     Case not fully adjudicated on motion. - If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established.

(e)     Form of affidavits; further testimony; defense required. - Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

41

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*. § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse*. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(f)     When affidavits are unavailable. - Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

42

(g)     Affidavits made in bad faith. - Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. (1967, c. 954, s. 1; 2000-127, s. 6.)

**\*174 Martin v. Roberts, 177 N.C. App. 415, 419, 628 S.E.2d 812, -(2006) (citations omitted) (emphasis in original) (emphasis added). See in re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent,**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an
estate has been settled and the personal representative discharged, other property***.
*§ 50-20. Distribution by court of marital and divisible property. (l) (1)   A claim for equitable distribution,
whether an action is filed or not, survives the death of a spouse so long as the parties are living separate
and apart at the time of death. (2)   The provisions of Article 19 of Chapter 28A of the General Statutes shall
be applicable to a claim for equitable distribution against the estate of the deceased spouse*. G.S. 28A-19-
3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of
decedent.**
**unless it has been overturned by a higher court.”). Therefore, “the real property owned by**

**[Mr. Nelson and defendant] as tenants by the entirety passed to [defendant] by operation of**

**law[.]” Mansour at 379, 177 S.E.2d at 859.**



**The majority states, and I agree, that the purpose of the amendment to N.C. Gen. Stat. §**

**50-20 adding subsection (1) was to allow for equitable distribution claims to survive the**

**death of a spouse. However, the majority states the purpose of the statute is defeated if**

**property passing to a survivor under a tenancy by the entirety is held to be separate**

**property. I disagree. The reasoning in this dissent would not affect an action for equitable**

**distribution as to other types of interests in real property or personal property. This**

**reasoning is limited solely to entireties property which vests upon marriage and is lost only**

**upon the conditions as cited in Martin v. Roberts, supra. Any other result would**

**significantly affect our long-standing doctrine of survivorship.**

**“For these reasons, I must dissent from the majority and would affirm the trial court based**

**on its findings and conclusions that at the time of her spouse’s death, defendant inherited**

**the real property as her own, separate property.**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also,
Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the
equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136
N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539
S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment
applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734,
572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given
retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date
even though one party had died before the effective date)10 This amendment probably applies to claims filed on or
after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that
do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980
amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**The tenancy by the entirety may be terminated by a voluntary partition between the husband and the wife whereby they execute a joint instrument conveying the land to themselves as tenants in common or in severalty. But neither party is entitled to a compulsory partition to sever the tenancy. . ..**

**A divorce a vinculo, an absolute divorce destroying the unity of husband and wife that is essential to the existence of the tenancy, will convert an estate by the entirety into a tenancy in common. The divorced spouses become equal cotenants. . .. Each spouse is entitled to an undivided one-half interest in the property.**

44

**A divorce a mensa et thoro, on the other hand, a divorce from bed and board which does not dissolve the marriage relation, does not sever the "unity of the persons," and does not terminate or change the tenancy by the entirety in any way. . ."** *Chapter 50   § 50-20. Distribution by court of marital and divisible property.*

*(a)   Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section.*

*(b)   For purposes of this section:*

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.*
§ 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*(1) "Marital property" means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection. Marital property includes all vested and nonvested pension, retirement, and other deferred compensation rights, and vested and nonvested military pensions eligible under the federal Uniformed Services Former Spouses' Protection Act. It is presumed that all property acquired after the date of marriage and before the date of separation is marital property except property which is separate property under subdivision (2) of this subsection. It is presumed that all real property creating a tenancy by the entirety acquired after the date of marriage and before the date of separation is marital property. Either presumption may be rebutted by the greater weight of the evidence.*

*(l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death.*

*My marital property I, want the property transferred in my name and the evidence proof of other financial upgrades also, transferred and return to Andrivia F. Wells-Smith. The Trans*

45

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

***America Insurance that I am beneficiary Claim my monetary money and correct judicial***

***wrong into right.***

***I want to grieve my husband's death because, at the time of my disability I could not.***

***Please touch your heart as a God adjudicator to reopen this case my civil rights of Title 18,***

***U.S.C., Section 242 - Deprivation of Rights Under Color of Law***

***This statute makes it a crime for any person acting under color of law, statute, ordinance,***

***regulation, or custom to willfully deprive or cause to be deprived from any person those rights,***

***privileges, or immunities secured or protected by the Constitution and laws of the U.S.***

46

***This law further prohibits a person acting under color of law, statute, ordinance, regulation or***

***custom to willfully subject or cause to be subjected any person to different punishments, pains,***

***or penalties, then those prescribed for punish The Law of Interstate Marriage***

***Recognitionment of citizens on account of such person being an alien or by reason of his/her***

***color or race. Throughout the twentieth century, the exceptions to the place-of-celebration***

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.**

§ 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*rule became less important because the most controversial marriage laws—those banning interracial marriage—were struck down by the Supreme Court in Loving v. Virginia in 1967 under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. During the same era, other state marriage laws converged as the result of changing social norms that affected decisions about which individuals and couples could and could not marry. These changes coincided with the increasing mobility of the American people, who had greater ability than ever before to travel across state lines and to move from state to state. The portability of marriage became more important, not less.* Statutes protecting disabled inmates *Two major statutes exist to protect the rights of disabled prisoners: Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq.1 In the prison and jail context, the Rehabilitation Act applies to facilities run by federal agencies (such as the Bureau of Prisons) and to any state or local agency that receives federal funding.2 The ADA regulates facilities run by state and local agencies, regardless of whether they receive federal funding. The Statute of Limitation period are considered as common law Torts 1983 Suites NCGS Article 1-17 Disabilities Factors (a1) being imprison and also, 1983 3-year statutory limitation period personal injury actions. State of North Carolina Tolls limitation period for prisoner's actions until one year after the*

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

47

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.***
*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**
***prisoner's incarceration has ended. Hardin v Straub (1989) 490 US 536,104 L. Ed 2d 582,109***

***S.Ct.1998 state not by Statute Common Law, created a cause of action Under 42 USC 1983.***


***Rule 23 class actions in state courts. Rule 23. Class Actions (a) Prerequisites. One or more members of a***

class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

I, Andrivia Wells – Smith want what's rightfully mines under the statutes of Law. Brown v Brown N.C.

Gen. Stat. § 50-20(k) (Cum. Supp. 1998). While

the death of a married party abates a divorce action, this Court

has stated that death does not abate an action brought against a

spouse for adjudication of property rights: It is true that "death of a party terminates

only the action as one for divorce and does not necessarily prevent it from being revived and continued

insofar as it seeks an adjudication of property rights between the

parties." 1 R. Lee, supra, at 253; see also 2A W. Nelson, Divorce and Annulment § 21.10,

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

48

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.**
*§ 50-20. Distribution by court of marital and divisible property. (l) (1)  A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

at 307 (2d ed. 1961) ("death abates a [divorce] proceeding . . ., and is usually

ground for its dismissal; but it does not do so to the extent that property rights or

interests are involved"); 27A C.J.S. Divorce § 188, at 783 (1959) ("Where an appeal is

prosecuted from a decree or judgment denying a divorce, and while the appeal is pending one

of the parties dies, the appeal will usually be dismissed, unless property rights are

involved . . .."). Elmore v. Elmore, 67 N.C. App. 661, 667, 313 S.E.2d 904, 908 (1984)

(emphasis added). The authority to enforce a deceased individual's

property rights pass to the legal representative of his estate upon his death. Carnahan v. Reed, 53 N.C.

App. 589, 281 S.E.2d 408 (1981). "No action abates by reason of the death of a party if the

cause of action survives." N.C.R. Civ. P. 25(a). Under the foregoing precedent, the legal representative of

the claimant's estate has authority to enforce an equitable distribution action.

The claimant's heirs or devisees could enjoy the relief sought as the decedent's share of the marital

property would be distributed to them. Consequently, the relief sought will not be nugatory

after the claimant's death and the action does not abate under N.C. Gen. Stat. § 28A-18-1, which states:

(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or

defend any action or special proceeding, existing in favor of or against such person,

except as provided in subsection (b) hereof, shall survive to and against the personal representative or

collector of his estate. (b) The following rights of action in

49

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***.

*§ 50-20. Distribution by court of marital and divisible property. (l) (1)  A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2)  The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

favor of a decedent does not survive: (1) Causes of action for libel and

for slander, except slander of title;

(2) Causes of action for false imprisonment;

(3) Causes of action where the relief sought could not be enjoyed, or granting it would

be nugatory after death.

N.C. Gen. Stat. § 28A-18-1 (1984). Our General Assembly, by its amendments, has provided that if

a decedent has separated and made a claim for equitable distribution, her rights in the action are vested.

Based on the See, ***Black v Littlejohn312 NC 626, 630,325, S. Ed2d469,473(1985)" inserting the***

**50**

***meaning of a statute it is useful to look to its useful to look to its "purpose and spirit ....and***

***what it sought to accomplish," as well as the History and circumstances surrounding the***

***legislation and the for its enactment. § 50-16.9.  Modification of order. (a)     An order of a***

***court of this State for alimony or post separation support, whether contested or entered by***

***consent, may be modified or vacated at any time, upon motion in the cause and a showing of***

***changed circumstances by either party or anyone interested. This section shall not apply to***

***orders entered by consent before October 1, 1967. During the provisions of 50-21 he asked for***

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property*. § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*post alimony so, I assert a claim of Chapter 50-20 post separation my annual income was*

*more and before I could provide him with the initial provision he died domicile.*

*Surviving spouse of claim is [text] of the scheme of science of Law surviving spouse take all.*

*She does not have to assert a claim within the Estate within the statutes of state North*

*Carolina. GLADYS BROWN, Plaintiff v. CARROLL M. BROWN, Defendant*

*No. COA98-1412 (Filed 18 January 2000) Divorce--equitable distribution--deceased plaintiff*

*The trial court erred in an equitable distribution action by denying the motion of the*

*administratrix of plaintiff's estate to be substituted and by dismissing the action. An action for*

51

*equitable distribution does not abate at the death of the parties if they were separated as*

*required by N.C.G.S. § 50-21. (k)    The rights of the parties to an equitable distribution of*

*marital property and divisible property are a species of common ownership, the rights of the*

*respective parties vesting at the time of the parties' separation. (h) If either party claims that*

*any real property is marital property or divisible property,*

*that party may cause a notice of lis pendens to be recorded pursuant to Article 11 of Chapter 1*

*of the General Statutes. Any person whose conveyance or encumbrance is recorded or whose*

*interest is obtained by descent, prior to the filing of the lis pendens, shall take the real property*

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature).  But cf. Bowen v. Mabry, supra

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property***. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*free of any claim resulting from the equitable distribution proceeding. The court may cancel the*

*notice of lis pendens upon substitution of a bond with surety in an amount determined by the*

*court to be sufficient provided the court finds that the claim of the spouse against property*

*subject to the notice of lis pendens can be satisfied by money damages.*

*N.C.G. S§. 50-20 (l) (1)      A claim for equitable distribution, whether an action is filed or*

*not, survives the death of a spouse so long as the parties are living separate and apart at the*

*time of death.   25 G.S. 28A-19-16. This limitation does not apply if the parties agree to a*

*reference pursuant to G.S. 28A-19-15, discussed infra.*

52

*26 154 N.C. App. 734, 572 S.E.2d 809(2002) (one spouse died before trial and the other*

*died while the case was on appeal). 27 While death should not impact directly the*

*classification of marital property due to the fact that the parties must be separated at the*

*time of death, see Becker v. Becker, 88 N.C. App. 606, 364 S.E.2d 175 (1988) (marital*

*estate "freezes" for purposes of classification and valuation at the date of separation*

*death may impact the classification of divisible property. See G.S. 50-20(b)(4) (divisible*

*property defined by post separation occurrences). In addition, procedural issues*

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property**. *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*resulting from death may have an impact on a party's ability to prove their case*

*regarding*

*classification. See e.g. G.S. 8C-601(c) (evidence rule referred to as "the dead man's statute"). 28 82 N.C. App. 423, 346 S.E.2d 237 (1986). 29 See also Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (upholding trial court's distribution of marital property following the death of wife; court of appeals did not mention a need to join heirs, but the opinion also did not indicate whether the case involved title to real property). 30 See Wornom v. Wornom, 126 N.C. App. 461, 485 S.E.2d 856 (1997) (trial court properly classified and distributed assets that existed at the time of separation but not at the time of trial); Lilly v. Lilly, 107 N.C. App. 484, 420S.E.2d 492 (1992) (same). See also G.S. 50-20(h) (in lieu of a lis pendens, the court can require a bond in an amount sufficient to satisfy the claim against the real property with money damages). 31 Tucker, supra note 3, also involved a situation where the death occurred after entry of divorce. 32 See G.S. 50-11(a); G.S. 31A-1(b); G.S. 31-5.4. 33 See 50-20(c)(11b), discussed further infra. 34 See Tucker v. Miller, supra (trial court must identify and consider all distribution factors raised by the evidence,*

53

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

*Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.* § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse. G.S. 28A-19-3(a) or (b)* **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

*citing Locklear v. Locklear, 92 N.C. App. 299, 374 S.E.2d 401 (1988)). 35 Supra note 31.*

*36 See Harris v. Harris, 84 N.C. App. 353, 352 S.E.2d 869 (1987). 37 See Fountain V.*

*Fountain, 148 N.C. App. 329, 559 S.E.2d 25(2002). 38 See Smith v. Smith, 314 N.C. 80,*

*331 S.E.2d 682 39 Johnson v. Johnson, 78 N.C. App. 787, 338 S.E.2d ,567 (1986) 40See*

*Fox v. Fox, 114 N.C. App. 125, 441 S.E.2d 613 (1994).*

*Conclusion:*

*S.L. 2003-168 significantly expands the equitable distribution cases that can be litigated*

*despite the death of a spouse. It also clarifies that important time limits must be met by*

*those seeking to pursue equitable distribution following the death of a spouse. In*

*addition, the General Assembly made a significant policy decision when it allowed*

*equitable distribution claims to proceed even when the marital relationship has not been*

*severed by divorce. As a result, the relationship between the statutory and common law*

*rights of a party as a surviving spouse and the obligation of the court to provide for an*

*equitable distribution of marital and divisible property most likely will be the subject of*

*much appellate analysis in the near future. 41 See G.S. 1A-1, Rule 53 (reference*

*procedure), all statute of limitation will be awarded at the end for judgment of serving*

*spouse, [text] with several statutes that impedes on the rights of abating a claims one*

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property**. § 50-20. *Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

     *conclusion is* Estate's authority to settle ***ED claim New section G.S. 28A-19-19*** provides

that a personal representative can enter into an agreement settling an equitable distribution

claim. When such an agreement is filed with the clerk of court, it operates as a voucher for

the personal representative, relieving the estate of further liability on the claim. In addition,

***G.S. 28A-19-15*** allows a personal representative and a surviving spouse to enter into an

agreement to refer a disputed claim to "one or more disinterested persons, not exceeding

three, whose proceedings shall be the same in all respects as if such reference had been.

Ethically when you have Heir that's striking on reengage because the father was not his

biological father and the Probate did not consider investigating claim this is where we are,

reopening of an Estate on default element of a statute. That have rights to a surviving

spousal claim that was not honored. The relief within the Statute and Constitutional Right

please seek, just for the unjustified action and God over see your decision and to know, I

am not here to create a claim or position, no one notified me, Andrivia Wells-smith for

property owned and resided in for (6) years as a spouse. They sold my home went through

personal property. Because they did not care. I do, I worked to established everything

within all three properties. Estate's authority to settle ED claim New section ***G.S. 28A-19-***

***19*** provides that a personal representative can enter into an agreement

55

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

**Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.** *§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

settling an equitable distribution claim. When such agreement is filed with the clerk of court, it operates as a voucher for the personal representative, relieving the estate of further liability on the claim. In addition, **G.S. 28A-19-15** allows a personal representative and a surviving spouse to enter into an agreement to refer a disputed claim to "one or more disinterested persons,

not exceeding three, whose proceedings shall be the same in all respects as if such reference had been ***N.C. R. SUPER. AND DIST. CTS. RULE 10. I*** hope and pray to God that you look upon this case and all aspects of past ruling that, I, Andrivia Wells-Smith is entitled to my Marital Properties and Assets to the Law of the Federal and State statutes and reflect on the reasoning of the grief and fraud of the miss handled personal and spousal investments. Re-open Estate of my husband, Memphis Smith qualify three injury statute of limitations. I, Andrivia Wells-Smith have provided pri'ma facie evidence towards contribution and paying bills, taxes and company LLC. I have interest in everything.

Rule 25. Substitution of Parties
(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within **90**

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

56

***Reopen G.S. 28A-23-5. Page 1. § 28A-23-5. Reopening administration. If, after an estate has been settled and the personal representative discharged, other property.***

*§ 50-20. Distribution by court of marital and divisible property. (l) (1) A claim for equitable distribution, whether an action is filed or not, survives the death of a spouse so long as the parties are living separate and apart at the time of death. (2) The provisions of Article 19 of Chapter 28A of the General Statutes shall be applicable to a claim for equitable distribution against the estate of the deceased spouse.* G.S. 28A-19-3(a) or (b) **applies to a claim depends on whether the claim is one that arose before the death of decedent.**

**days after service of a statement noting the death, the action by or against the decedent must be dismissed.**

(2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district court.

The Estate representative never served me within 90 days nor necessary individual to extinguish marital property. The final Account August 3,2022 here there is little evidence of intent to defraud, a prosecution for violating the general embezzlement statute, 18 U.S.C. § 645, should be considered. Although Section 645 covers only money, it encompasses employees and does not require proof of a fraudulent intent. United States v. Sharpe, 996 F.2d 125 (6th Cir.), cert. denied, 114 S. Ct. 400 (1993). marital property was sold and vehicles. The statute reaches all property that a court officer receives by reason of his or her position, regardless of whether it is ultimately determined to be property of the estate. Meagher v. United States, 36 F.2d 156 (9th Cir. 1929).1

Clerk of the ESTATE CLAIMS OFFICE STOPPED ME CONTINUENCE FOR FILING A REOPEN A PROBATE THAT WAS FRAUDULENT.

57

3. Tucker v. Miller, 113 N.C. App. 785, 440 S.E.2d 315 (1994) (equitable distribution is a property right). See also, Swindell v. Lewis, 82 N.C. App. 423, 346 S.E.2d 23 (1986) (heirs of defendant were necessary parties to the equitable distribution action where defendant died after the entry of an absolute divorce). 4Brown v. Brown, 136 N.C. App. 331, 524 S.E.2d 89, reversed, 353 N.C. 220, 539 S.E.2d 621 (2000).
5. Brown, 136 N.C. App. at 334, 524 S.E.2d at 92Citing Tucker, supra. 6 Brown v. Brown, 353 N.C. 220, 539 S.E.2d,621(2000). 7 Id. at 226, 539 S.E.2d at 625. 8 Id. at 227, 539 S.E.2d at 625. 9S.L. 2001-364. This amendment applied to all actions pending on, or filed on or after, August 10, 2001. See Bowen v. Mabry, 154 N.C. App. 734, 572 S.E.2d 809 (2002) (because the amendment clarifies a statute misconstrued by the courts, it must be given retroactive effect; so amendment applied to an equitable distribution claim that was pending on the effective date even though one party had died before the effective date)10 This amendment probably applies to claims filed on or after the effective date, June 12, 2003. See Morris v. Morris, 79 N.C. App. 386, 339 S.E.2d 424 (1986) (statutes that do not say otherwise are presumed to apply prospectively only) Gardner v. Gardner,300N.C.715,268S.E.2d468(1980 amendment presumed to apply prospectively unless they are procedural in nature). But cf. Bowen v. Mabry, supra

UNITED STATES DISTRICT COURT

Western District of North Carolina

Charlotte


ANDRIVIA F. WELLS


v.


MECKLENBURG COUNTY CLERKS OF PROBATE

ESTATES

MEMPHIS L SMITH, JR

AUDRIS VERONICA (FORD) ASMOND


Andrivia F. Wells

Andrivia F Wells

521 So. Summit Ave

Charlotte Nc 28208