UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-356-MOC

| | |
|---|---|
| ANDRIVIA F. WELLS, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY CLERK ) | |
| OF PROBATE ESTATES, ET AL., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss by Defendant Audris Veronica Ford Asmond. (Doc. No. 7). After that motion was filed, the Court sent pro se Plaintiff Wells a Roseboro order informing her of her right to respond. Plaintiff timely filed a Response. (Doc. No. 10). Defendant filed a reply to that response. Defendant's motion to dismiss is now ripe for disposition.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for dismissal where the Plaintiff fails to satisfy the command of Rule 8(a)(2) and "state a complaint on which relief can be granted."

To survive a Rule 12(b)(6) motion to dismiss, a complaint need not contain "detailed factual allegations" but must include "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put otherwise, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, while the Court may construe Plaintiff's complaint liberally because she is

1

a pro se plaintiff, the complaint must still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

Plaintiff's complaint is devoid of any mention of Defendant Ford. (See Doc. No. 8). Plaintiff thus fails to state a plausible claim for relief against Defendant Ford.

Furthermore, dismissal is appropriate as to all named Defendants because this Court lacks subject matter jurisdiction. Although Plaintiff sues under federal causes of action (Doc. No. 1), the Supreme Court has articulated a "probate exception" to the federal question jurisdiction extended to Article III courts by 28 U.S.C. § 1331. That exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." Marshall v. Marshall, 547 U.S. 293, 296 (2006). The probate exception to federal question jurisdiction applies in "two categories of cases: (1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." Lee Graham Shopping Ctr., LLC v. Est. of Kirsch, 777 F.3d 678, 681 (4th Cir. 2015). The relief requested by Plaintiff here (to "recover marital estate property") would potentially require this court to "annul" or "administer" Mr. Smith's estate.

Because "Plaintiff does not allege any facts showing Defendant's involvement in the distribution of Mr. Smith's estate" (Doc. No. 11) Plaintiff fails to state a plausible claim for relief against any of the Defendants.

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (Doc. No. 7) is GRANTED and this action is DISMISSED WITH PREJUDICE.

Signed: October 18, 2023

Max O. Cogburn Jr
United States District Judge